UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION

| | | |
|---|---|---|
| BOBBIE WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:17-cv-0170- |
| | ) | |
| PRETZELS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Bobbie Walls, hereinafter Ms. Walls, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Pretzels, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Ft. Wayne Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Walls, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about July 21, 2016, Ms. Walls filed timely charges of Disability Discrimination in violation of Title VII and the ADA, Retaliation for asserting her rights under Indiana's Worker's Compensation laws against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-02492.

8. On or about January 25, 2016, Ms. Walls received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-02492, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. Walls on or about March 24, 2016.

11. Throughout her employment with Defendant, Ms. Walls met or exceeded Defendant's legitimate expectations of performance.

12. Ms. Walls received favorable reviews prior to her work injury.

13. Ms. Walls sustained an injury during the course of her employment with the Defendant.

14. Ms. Walls was injured during the course of her employment on or about April 19, 2016.

15. Ms. Walls notified Defendant of her injury and received treatment under worker's compensation.

16. Ms. Walls returned to work with restrictions after her injury.

17. Ms. Walls was harassed by management after her injury.

18. A manager stated to Ms. Walls "you were such a good worker until you got your restrictions."

19. Ms. Walls reported the harassment to management in human resources.

20. After reporting the harassment to human resources Ms. Walls was told "you need to keep your mouth shut."

21. Ms. Walls was also told "if you go back to HR you will be fired."

22. Ms. Walls missed work due to her work injury.

23. On May 2, 2016, Ms. Walls was sent to the worker's compensation clinic by management.

24. Ms. Walls was given an attendance point for the May 2, 2016 appointment.

25. Ms. Walls had to leave early at times due to her work injury.

26. Ms. Walls was given attendance points for days missed related to her worker's compensation claim.

27. On May 3, 2016, Ms. Walls asked management about the attendance points being taken off due to them being related to her worker's compensation claim.

28. Ms. Walls had restrictions upon the use of her left arm.

29. Management continued to try and have her perform work that was outside of her restrictions.

30. When Ms. Walls refused to perform work outside of her restrictions, management would become frustrated.

31. On May 7, 2016, Ms. Walls was sent home by management because he was frustrated with her restrictions.

32. Ms. Walls was given an attendance point for May 7, 2016.

33. On May 11, 2016, Ms. Walls was advised that she was not to come back until her restrictions were lifted.

34. The Defendant no longer wished to accommodate Ms. Walls restrictions.

35. On May 11, 2016, Ms. Walls asked human resources about being paid while on leave under worker's compensation.

36. On May 13, 2016, human resources management responded advising Ms. Wall that she would be paid after the 7th day of her leave.

37. Ms. Walls was terminated on or about May 19, 2016, six (6) days into her worker's compensation leave.

38. The Defendant terminated Ms. Walls one day before her worker's compensation benefits were due to begin.

39. The Defendant failed to accommodate Ms. Walls restrictions related to her disability as required under the ADA.

40. The Defendant discriminated against Ms. Walls due to the restrictions caused by her disability.

41. The Defendant intentionally terminated Ms. Walls to avoid providing full worker's compensation benefits.

42. The Defendant terminated Ms. Walls in retaliation for her worker's compensation claim.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Walls, for her first claim for relief against Defendant, states as follows:

43. Ms. Walls hereby incorporates by reference paragraphs 1 through 42 as though previously set out herein.

44. At all times relevant to this action, Ms. Walls was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

45. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Walls' disability.

46. The Defendant willfully and intentionally failed to accommodate Ms. Walls disability.

47. Defendant intentionally and willfully discriminated against Ms. Walls because she is disabled and/or because Ms. Walls has a record of being disabled and/or because Defendant regarded Ms. Walls as disabled. Similarly situated non-disabled employees

were treated more favorable in the terms of privileges, and conditions of their employment.

48. Defendant's actions were intentional, willful and in reckless disregard of Ms. Walls' rights as protected by the ADA and Title VII.

49. Ms. Walls has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

50. Ms. Walls hereby incorporates by reference paragraphs 1 through 49 as though previously set out herein.

51. Ms. Walls a work related injury during her employment with Defendant.

52. The conduct as described hereinabove constitutes retaliation on the basis of Ms. Walls lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

53. Defendant intentionally and willfully terminated Ms. Wall's employment to avoid providing Ms. Walls with full worker's compensation benefits.

54. Defendant intentionally and willfully refused to accommodate Ms. Wall's disability caused by her work injury and failed to allow her to return to her employment in retaliation for her seeking her lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

55. Defendant's actions were intentional, willful and in reckless disregard of Ms. Walls' rights under Indiana Law.

56. Ms. Walls has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Walls, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Walls her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Walls all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Walls all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Walls, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff